UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC OLSON, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.

ELITE BENEFIT GROUP LLC,
a Florida limited liability company,

    Defendant.
_____/

**CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES
AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*,
THE TELEPHONE CONSUMER PROTECTION ACT
JURY DEMAND**

1. Plaintiff ERIC OLSON brings this action against Defendant ELITE BENEFIT GROUP LLC ("EBG") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. Plaintiff brings a claim pursuant to 47 U.S.C. §§ 227(b) and the associated Federal Communications Commission ("FCC") Regulations, for unsolicited calls made to the cellular telephones of Plaintiff and others using an automatic telephone dialing system and an artificial or prerecorded voice, as well as for marketing calls made to persons who have registered their telephone number on the National Do Not Call List.

**JURISDICTION AND VENUE**

3. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012). The Court further has subject matter jurisdiction over this action pursuant to the Class action Fairness Act

1

("CAFA"), 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that section apply to this action.

4. This Court has personal jurisdiction over Defendant EBG because it is headquartered and does business in this District.

## PARTIES

5. Plaintiff ERIC OLSON is a natural person and resident of St. Lucie County, Florida. At all relevant times Plaintiff was the sole user, subscriber, owner, and possessor of the cellular telephone at issue.

6. Defendant EBG is a Florida limited liability company with its principle place of business at 1095 Broken Sound Parkway North West, Suite 300, Boca Raton, FL 33487-3501.

## FACTS

7. Defendant EBG is a call-center based insurance agency engaged in the business of placing telemarketing calls to potential customers, and then attempting to sell them insurance products.

8. Upon information and belief, Defendant EBG purchases information about consumers, including telephone numbers, and then places telemarketing calls to said consumers.

9. Upon information and belief, Defendant EBG uses equipment that constitutes an automatic telephone dialing system under 47 U.S.C. § 227(a) to place calls to consumers' cellular telephones.

10. Further, Defendant EBG delivers pre-recorded messages in its telemarketing calls to consumers.

## FACTS RELATING TO PLAINTIFF

11. On April 15, 2015, Plaintiff received a telephone call on his cellular telephone.

12. When his cellular telephone rang, Plaintiff's "Caller ID" displayed 561-227-3690 as the telephone number from which the call originated.

13. Telephone number 561-227-3690 belongs to Defendant EBG.

14. Plaintiff did not answer the call, and Defendant EBG delivered the following pre-recorded message on Plaintiff's voicemail system before hanging up:

> This is Elite Benefit Group calling on behalf of the marketplace insurance carriers. Please give us a call at 877-281-8367. Thank you, and have a great day.

15. Plaintiff was damaged by Defendant's calls. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls forcing him to divert attention away from his work and other activities.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the Class)

16. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

17. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A)(iii).

18. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, *In re: Rules and*

3

*Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling*, 07–232, ¶ 12, n. 23 (2007)).

19. Defendant, or its agent, used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Classes defined below. Many of these calls, including at least one call to Plaintiff, utilized prerecorded messages.

20. These calls were made without regard to whether or not Defendant had first obtained prior express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the § 227(b) putative Class when its calls were made.

21. Furthermore, after October 16, 2013 the FCC required that Defendant obtain prior **written** express consent to place telemarketing calls to cellular telephone numbers. See I*n re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1831 (2012).

22. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and an artificial or prerecorded voice message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express permission.

23. Defendant knew that it did not have prior express consent to make these calls, knew that it was using equipment that constituted an automatic telephone dialing system, and knew that it was using prerecorded messages. The violations were therefore willful or knowing.

24. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum

of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

25. Because Defendant knew that Plaintiff and the members of the putative Class had not given prior express consent to receive autodialed and prerecorded calls to their cellular telephones, and knew that it used an automatic telephone dialing system and prerecorded voice messages to call the cell phones of Plaintiff and the other members of the Class without prior express permission, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

WHEREFORE, Plaintiff ERIC OLSON, on behalf of himself and the other members of the Classes, pray for the following relief:

    a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

    b. An injunction prohibiting Defendant from using an automatic telephone dialing system or artificial or prerecorded voice message to call numbers assigned to cellular telephones without the prior express written consent of the called party;

    c. An award of actual and statutory damages; and

    d. Such further and other relief the Court deems reasonable and just.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(B)
### (On Behalf of Plaintiff and the Class)

26. Plaintiff re-alleges and incorporates the allegations preceding Count I as if fully set forth herein.

27. It is a violation of the TCPA to initiate a telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party. 47 U.S.C. § 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3).

28. Defendant, or its agent, placed telephone calls to the residential telephones of Plaintiff and the other members of the Classes defined below using prerecorded voice messages.

29. These calls were made without regard to whether or not Defendant had first obtained prior express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the § 227(b) putative Class when its calls were made.

30. Furthermore, after October 16, 2013 the FCC required that Defendant obtain prior **written** express consent to place telemarketing calls to cellular telephone numbers. See I*n re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1831 (2012).

31. Defendant has, therefore, violated § 227(b)(1)(B) of the TCPA by using artificial or prerecorded voice message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express permission.

32. Defendant knew that it did not have prior express consent to make these calls, and knew or that it was using prerecorded messages. The violations were therefore willful or knowing.

33. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum

of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. Id.

34. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive prerecorded voice calls to their residential telephones – and used prerecorded voice message to call the cell phones of Plaintiff and the other members of the Class without prior express permission – the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

WHEREFORE, Plaintiff ERIC OLSON, on behalf of himself and the other members of the Classes, pray for the following relief:

    a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(b);

    b. An injunction prohibiting Defendant from using an artificial or prerecorded voice message to call numbers residential telephones without the prior express written consent of the called party;

    c. An award of actual and statutory damages; and

    d. Such further and other relief the Court deems reasonable and just.

## Class Allegations

35. Plaintiff brings this case on behalf of Classes defined as follows:

*All persons in the United States who, within four years prior to the filing of this action, Defendant or some person on Defendant's behalf called on their cell phone using an artificial or prerecorded voice message or equipment with the capacity to dial numbers without human intervention, where the recipient did not give the cell phone number to Defendant for purposes of receiving automated marketing calls.*

> *All persons in the United States who, in the period between October 16, 2013 to the filing of this action, Defendant or some person on Defendant's behalf, called on their cell phone using an artificial or prerecorded voice message or equipment with the capacity to dial numbers without human intervention, where the recipient did not give prior express written consent to Defendant to receive automated marketing calls.*

36. Upon information and belief, Defendant called more than 100 members of the putative classes during the four years prior to the filing of this action.

37. Common questions of law or fact exist as to all members of the putative Classes and predominate over any question solely affecting any individual member, including Plaintiff. Such questions common to the Classes include but are not limited to:

    a. Whether Defendant used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether Defendant had prior express permission, or prior express written permission, to contact Plaintiff and the other members of the putative Classes when they made calls to their cell phones using an automatic telephone dialing system or artificial or prerecorded voice;

    c. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the putative Classes are entitled to trebled damages.

38. Plaintiff's claims are typical of the claims of the other members of the putative Classes. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the putative Classes are the same: Defendant violated the TCPA by causing the cellular telephone number of each member of the putative Classes, including Plaintiff, to be called using an automatic telephone dialing system and/or prerecorded voice message

without prior express permission, or Defendant violated the TCPA by initiating telephone solicitations to members of the putative 227(c) Class.

39. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has no interests that might conflict with the interests of the Classes. Plaintiff is interested in pursuing his claim vigorously, and has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

40. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, thousands of members of the putative Classes, such that joinder of all members is impracticable.

41. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

42. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making relief appropriate with respect to the Classes as a whole. Prosecution of separate actions by individual members of the putative Classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct.

43. The identity of the Classes is, on information and belief, readily identifiable from the records of Defendant and/or any affiliated marketers.

## JURY DEMAND

46.     Plaintiff demands trial by jury.

Dated: June 29, 2015

                                    Respectfully submitted,

                              By:   /s/ Scott D. Owens
                                    Scott D. Owens, Esq.
                                    Florida Bar No. 0597651

| | |
|---|---|
| **Scott D. Owens, Esq.** | **Bret L. Lusskin, Esq.** |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| SCOTT D. OWENS, P.A. | BRET LUSSKIN, P.A. |
| 3800 S. Ocean Drive, Ste. 235 | 20803 Biscayne Blvd., Ste 302 |
| Hollywood, FL 33019 | Aventura, FL 33180 |
| Telephone: (954) 589-0588 | Telephone: (954) 454-5841 |
| Facsimile: (954) 337-0666 | Facsimile: (954) 454-5844 |
| scott@scottdowens.com | blusskin@lusskinlaw.com |

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant place a formal litigation hold as to any documents or data relating to the allegations in this case. Specifically, and without limitation, Plaintiff requests that all marketing call records, documents and data that might bear on prior express consent or any other defense, all documents and communications regarding use of any type of instrumentality, hardware, software or hosted telephone dialer communications between the parties regarding marketing by phone, contracts and agreements between the parties, documentation regarding marketing "leads", calls made to those leads and whether (and to whom) sales were made be preserved.  This list is non-exhaustive.